UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| MARIO J. REMIREZ, JR., ) | Case No. 6:03-bk--05858ABB |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| ) | |
| BENJAMIN SCOTT, ) | Adversary No. 6:04-ap-00015-ABB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MARIO J. REMIREZ, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

FILED

JAN 1 1 2006

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

MEMORANDUM OPINION GRANTING
MOTION FOR JUDGMENT ON THE PLEADINGS

This matter came on for consideration on the Motion for Judgment on the Pleadings (Doc. No. 13) filed by Defendant, Mario J. Remirez, Jr.. The issue is whether Defendant is entitled to judgment pursuant to 11 U.S.C. § 523(a)(6) assuming all of the allegations raised in the complaint are true. After reviewing the pleadings and considering the parties' arguments and the applicable law, Defendant's Motion for Judgment on the Pleadings is granted.

**Background.** Plaintiff filed an Objection to Discharge of Debts on August 4, 2003 in the main bankruptcy case. On January 26, 2004, Plaintiff filed the complaint initiating this adversary proceeding alleging that he was injured and subsequently treated by Defendant. Plaintiff alleges Defendant's "reckless indifference" in rendering medical treatment rose to the

level of willful and malicious injury. (Doc. No. 1). Plaintiff alleges he suffered partial paralysis as a result.

The Defendant filed a Motion to Dismiss Adversary Proceeding on February 27, 2004. (Doc. No. 7). The Court entered an Order granting the Motion to Dismiss on all but one cause of action pursuant to 11 U.S.C. § 523(a)(6) on August 30, 2005. (Doc. No. 10). The Order provided the parties 14 days to submit their respective Statement of Facts with applicable law. Notices of the pending Motion, hearing and Order were sent to the Plaintiff at his address of record: Florida State Prison, 7819 NW 228th Street, Raiford, Florida 32026. Plaintiff was transferred to Martin Correctional Facility on October 4, 2005.

Defendant submitted his Statement of Facts. (Doc. No. 12). Plaintiff, who is *pro se* and now incarcerated at the Martin Correctional Facility, 1150 S.W. Allapattah Rd., Indiantown, Florida 34956-4397, failed to respond. The Court verified the whereabouts of the Plaintiff and was informed that although he was transferred among several facilities since 2003, all mail was forwarded to his new location.

On November 29, 2005, the Court provided a Notice of Pending Motion (Doc. No. 18) to Plaintiff's address: Martin Correctional Institution, 1150 S.W. Allapattah Rd., Indiantown, Florida 34956-4397. The Notice included copies of the Order on Defendant's Motion to Dismiss, the Defendant's Statement of Facts and Summary of Law, and Defendant's Motion for Judgment on the Pleadings. The Notice provided Plaintiff an additional 28 days to file a written response. Plaintiff failed to respond.

<u>Judgment on the Pleadings Standard.</u> The issue before the Court is whether Defendant is entitled to judgment pursuant to 11 U.S.C. § 523(a)(6) assuming all of the allegations in the complaint are true. Pursuant to Federal Rule of Civil Procedure 12(c), which is applicable under the Federal Rule of Bankruptcy Procedure 7012, a party may move for judgment on the pleadings:

> [a]fter the pleadings are closed but within such time as not to delay the trial. . . . If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P.12(c).

Judgment on the pleadings is appropriate where there are no material facts in dispute and the movant is entitled to judgment as a matter of law. Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001); Mergens v. Dreyfoos, 116 F.3d 1114, 1117 (11th Cir.1999). Facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party. Cannon, 250 F.3d at 1301.

Section 523. In a challenge to the dischargeability of a debt, the plaintiff must prove by a preponderance of the evidence that the debt is within one of the specifically enumerated exception under Section 523 of the Bankruptcy Code. Grogan v. Garner, 498 U.S. 279, 287 (1991); Fed. R. Bank. P. 4005 (2006). Without establishing the intent of the debtor, it is not possible to establish the elements necessary pursuant to 11 U.S.C. § 523(a)(6). Section 523 provides in pertinent part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> . . . .
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

11. U.S.C. § 523(a)(6).

The Supreme Court addressed the application of Section 523(a)(6) with regard to negligent or reckless conduct in the treatment of injuries in the case of Kawaauhau Vir. V. Geiger, 523 U.S. 57, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998). Kawaauhau involved a jury award of $335,000 in damages awarded Kawaauhau and her husband as the result of Geiger's medical malpractice. Kawaahau alleged and proved that Geiger failed to properly treat an

infected injury which eventually led to an amputation of Kawaauhau's leg. Kawaauhau's argued the Geiger's actions constituted "willful and malicious injury" because he "deliberately chose less effective treatment because he wanted to cut cost, all the while knowing that he was providing substandard care," and therefore, the judgment should be excepted from discharge pursuant to 11 U.S.C. § 523 (a)(6). The Supreme Court held such an interpretation of 11 U.S.C. § 523(a)(6) far too broad holding the word "willful" in (a)(6) modifies the word "injury," meaning "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau, 523 U.S. at 57-58. The Court recognized Congress could have chosen other words such as "reckless" or "negligent" to modify "injury." The Court likened (a)(6) to an intentional tort as distinguished from negligent or reckless torts. The Court held "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of 523(a)(6)." Kawaauhau, 523 U.S. at 64.

Plaintiff's argument in this case is the same as that of Kawaauhau. Assuming the allegations true, the complaint does not allege the Defendant committed a battery. Rather, Plaintiff alleges the injury was exacerbated by Defendant's "reckless indifference." Reckless indifference does not subject the Defendant to an exception to discharge pursuant to 11 U.S.C. § 523(a)(6).

Accordingly, Defendant's Motion for Judgment on the Pleadings is GRANTED. A separate order consistent with this ruling shall be entered.

DONE AND ORDERED in Orlando, Florida, on the 11th day of January, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge